# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-21647-BLOOM

ANTONIO ADOLFO HERNANDEZ RODRIGUEZ,

    Petitioner,

v.

U.S. ATTORNEY GENERAL, *et al*.,

    Respondents.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Respondent the United States Department of Homeland Security, Immigration and Customs Enforcement's ("ICE") Motion to Dismiss as Moot the Petition for Habeas Corpus, ECF No. [10] ("Motion"). Petitioner Antonio Adolfo Hernandez Rodriguez ("Petitioner" or "Hernandez") filed a response, ECF No. [12] ("Response"), to which ICE filed a reply, ECF No. [13] ("Reply"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Hernandez commenced this case on April 28, 2019 by filing a Complaint for Declaratory, Mandamus, and Injunctive Relief and Verified Petition for Writ of Habeas Corpus, ECF No. [1] ("Petition"), pursuant to 28 U.S.C. § 2241 and the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq*. ("APA"). Hernandez is a twenty year-old citizen of Honduras, who was brought to the United States when he was six years old in 2005 and entered without inspection. Hernandez was previously authorized to be present in the United States under Deferred Action for Childhood Arrivals ("DACA") status. On June 25, 2018, Hernandez pled no contest to misdemeanor

possession of less than 20 grams of marijuana in Florida state court and was sentenced to one year of probation. On September 25, 2018, Hernandez was arrested, and on October 31, 2018, he pled no contest to violating his probation and making threats against a law enforcement officer—a felony—and was sentenced to sixty days in jail. On November 13, 2018, Hernandez was placed into immigration custody for commencement of removal proceedings. Hernandez's DACA status expired on November 14, 2018, and he filed an application to renew his DACA status on March 19, 2019. At the time of filing the Petition, Hernandez remained in immigration detention.

In the Petition, Hernandez alleges violations by Respondents of the APA and due process by failing to process his DACA renewal application. He seeks his release and for the Court to order Respondents to process his application and declare that they are violating the law and due process by failing to process his DACA application. In the Motion, ICE informs the Court that Hernandez was released from ICE custody on May 1, 2019, and argues that the Court should dismiss the Petition as moot. Upon review, the Court agrees that the Petition is moot.

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Mingkid v. U.S. Attorney Gen.*, 468 F.3d 763, 768 (11th Cir. 2006). "A federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable

interest in the outcome." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "Put another way, '[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id*. (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)). "Therefore, if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Soliman v. United States of Am.*, 296 F.3d 1237, 1242 (11th Cir. 2002) (quoting *Al Najjar*, 273 F.3d at 1336) (internal quotations omitted). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Fla. Ass'n of Rehab. Facilities, Inc.*, 225 F.3d at 1217.

In the instant case, Hernandez challenged his continued detention and Respondents' failure to process his DACA renewal application. Notably, Hernandez acknowledges that he has been released from immigration custody and that his application is being processed. Nevertheless, Hernandez contends that because he also seeks relief from what he considers to be unreasonable delay in the processing of his DACA renewal application, this case is not moot as he "has absolutely no assurances of what is to come for him in the future and worries that he will just end up in the same place as he was previously in without intervention from the Court." ECF No. [12] at 5-6. While the Court is sympathetic to Hernandez's concerns, they do not alone provide a basis for jurisdiction in this case. Hernandez has obtained the relief he sought—release from immigration custody and continued processing of his application. Moreover, the Court does not agree that two months constitutes an unreasonable delay on the part of Respondents, especially where there is no allegation that Respondents refused to process his application. *See, e.g. Sanabria v. Chertoff*, No. , 2008 WL 11333503, at *5 (S.D. Fla. May 22, 2008) (finding that unreasonable

delay claim was not ripe, and that in any event, one month is not unreasonable delay). It bears noting that while voluntary cessation of allegedly illegal conduct generally does not render a case moot, Hernandez's claims here relate only to his individual case. As such, there can be no further action for the Court to take since Respondents' allegedly illegal conduct toward Hernandez has ceased.

Accordingly, the Motion, **ECF No. [10]**, is **GRANTED**. The Petition, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE AS MOOT**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 23, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record